In re: **BRIDGESTONE/FIRESTONE, INC., TIRES PRODUCTS LIABILITY LITIGATION**

**Geoffrey Coffin and Valerie Coffin, Plaintiffs,**

v.

**Bridgestone/Firestone, Inc., et al., Defendants.**

**Nos. IP 00–9374–C–B/S, IP 01–5408–C–B/S.**

**No. MDL 1373.**

United States District Court, S.D. Indiana, Indianapolis Division.

March 5, 2004.

Irwin B. Levin, Cohen & Malad, Indianapolis, IN.

William E. Winingham, Wilson Kehoe & Winingham, Indianapolis, IN.

Randall Riggs, Locke Reynolds LLP, Indianapolis, IN.

Daniel P. Byron, Bingham McHale, Indianapolis, IN.

## ORDER ON MOTION FOR RECONSIDERATION

BARKER, District Judge.

This matter is before the Court on the plaintiffs' motion for reconsideration. Having reviewed the parties' submissions in connection with this motion, the Court determines that in rendering summary judgment on the Coffins' claims, it has not "patently misunderstood a party," "made a decision outside the adversarial issues presented ... by the parties," or "made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales*, 906 F.2d 1185, 1191 (7th Cir.1990). The motion for reconsideration is therefore DENIED.

### Discussion

As we explained in the prior order, defendant Bridgestone/Firestone North American Tire, LLC's ("Firestone") motion was originally filed as a motion to dismiss the plaintiff's complaint on statute of limitations grounds. After briefing on the motion to dismiss had been completed, Firestone made a supplemental submission of "newly obtained facts" in support of its motion to dismiss. That submission was a statement of Mr. Coffin, identified as a member of the "Tire Action Group," published on August 14, 2000, on the Safetyforum.com website. It included Mr. Coffin's assertions that it had been five years since his accident and that "[f]or many years" he had thought his tire was faulty.

The Court determined that Firestone's submission constituted matters outside the pleadings that the Court would not exclude in ruling on the statute of limitations issue.

The Court therefore notified the parties pursuant to Fed.R.Civ.P. 12(b) that it would treat Firestone's motion to dismiss as a motion for summary judgment. The Court also ordered the parties to submit any further factual materials made pertinent under Rule 56 and any legal arguments not duplicative of those made in the briefs filed in connection with the motion to dismiss. Neither party submitted additional evidentiary materials or legal argument.

The plaintiffs did, however, send a letter to the Court dated September 8, 2003. That one-paragraph letter stated, in pertinent part:

> While the plaintiffs are not submitting any newly obtained facts, we thought it would be useful to the Court to provide the following list of pleadings previously filed in support of Plaintiff's Opposition to Firestone's Motion to Dismiss.

This was a grossly insufficient response to the motion for summary judgment. To begin with, it violated the Case Management Order for this MDL, which provides that all submissions to the Court must be in captioned filings and that parties are not to submit letters to the Court. Case Management Order § II.(F). Second, it completely ignored the requirements of S.D. Ind. L.R. 56.1 for opposing summary judgment. Third, the substance of the letter did nothing to alert the Court to the fact that the plaintiffs intended to rely on additional evidentiary materials in opposing summary judgment beyond the "pleadings" they had filed in opposition to the motion to dismiss, which themselves contained *no* evidentiary materials. The Court therefore assumed that the plaintiffs had no further evidence to submit in opposition to summary judgment and it certainly didn't sift through the entire file looking for things the Court might deem relevant to the motion.

After summary judgment had been entered, the plaintiffs submitted, along with their motion for reconsideration, some responses to written discovery, their second amended complaint, and an excerpt from Mr. Coffin's deposition transcript. These materials apparently were in the file at the time of the Court's summary judgment order, and the plaintiffs *now* explain that they sent their September 8 letter because they wanted the Court to find these materials and consider them in opposition to summary judgment. Though it would be entirely appropriate to ignore these materials, the Court has reviewed them, along with some additional deposition excerpts submitted by Firestone in response to the motion for reconsideration. Having done so, the Court finds no basis for reversing or altering its earlier order.

The evidentiary materials reviewed by the Court establish several additional facts. Mr. Coffin, when asked in his deposition about his statements published on August 14, 2000 (more than five years after his accident), on Safetyforum.com, testified as follows:

Q: The last paragraph on the first page says, "For many years I thought that my tire was faulty." Do you see that?

A: Yes.

Q: Now, my question is: When did you first begin to believe that your tire was faulty?

A: August 3rd.

Q: August 3rd of what year?

A: 2000.

Q: And August 3rd of 2000 is many years before August 14 of 2000?

The plaintiffs maintain that Mr. Coffin's deposition testimony "contradicts the statement published on the Safetyforum.com website . . ." offered by Firestone in support of its motion, and that the use

of words "knew" and "for many years" are "ambiguous at best."

The evidence on which the plaintiffs rely does not create a question of fact as to whether the Coffins discovered or in the exercise of reasonable care should have discovered their claims sooner than three years before March 30, 2001 (the date they filed their complaint). First, the Coffins have not created a genuine issue of material fact by contradicting Firestone's evidence; they are attempting to create a fact issue by contradicting what is indisputably Mr. Coffin's own earlier statement. Second, we find that a jury could not reasonably reconcile Mr. Coffin's statement that he believed "for many years" that his tire was faulty with the explanation that he had believed it for only a week and a half. Third, deposition testimony submitted by Firestone in response to the motion for reconsideration establishes that shortly following his accident, either in late 1995 or early 1996, Mr. Coffin contacted two law firms about the accident to, in his words, "see if there were any other cases of this type to investigate it." Mr. Coffin went on to say, "I never followed up with it. I forget the reason why. If I remember, they didn't feel we had a strong enough case to fight Ford and Firestone because they were so big." This evidence, undisputed by the plaintiffs, demonstrates that Mr. Coffin was suspicious enough about another's liability for his injuries that he sought out legal counsel but abandoned further action, apparently based on counsel's view of the relative merits of his case. Under Connecticut law, the Coffins at that point had discovered or in the exercise of reasonable care should have discovered their claims. *See In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation*, 287 F.Supp.2d 929 (S.D.Ind.2003) (construing similar accrual doctrine). In sum, none of the evidence submitted by the Coffins alters the Court's earlier conclusion that their claims accrued more than three years preceding the filing of their action.[1]

For the above reasons, the plaintiffs' motion for reconsideration is DENIED.

---

1. Additionally, nothing submitted with the Coffins' motion to reconsider satisfies their burden with respect to their assertion of fraudulent concealment.